ROBERT MOORE *et al.*, claimants, Plaintiffs, *v.* JOHN CUNNINGHAM, plaintiff in execution, Defendant.

### AGREED CASE FROM MARION.

Brick, as soon as they are placed in a wall, become attached to the freehold, and if they are removed from the wall, unless for the purpose of being replaced by better material by the person who put them there, the proprietor of the soil is the owner of the brick.

THIS was an agreed case from Marion county, tried in the Second Grand Division by consent of parties.

At the March term, 1859, of the Marion Circuit Court, this cause was submitted to the court, without the intervention of a jury, and without having been tried before the sheriff, upon an agreed state of facts, as follows :

This was an execution levied upon a lot of brick piled up in court house square, and supposed to contain 100,000, more or less. The brick levied upon were purchased by and belonged to Joseph A. Miller, defendant in execution, who had a contract with the County Court of Marion county, to build the court house, and were by him put into the walls of said court house; when the walls of said court house were up (or nearly so) to the top of the first story, court notified Miller that they would not receive said walls on account of the defective materials, bad brick and work put in the same, and forbid him prosecuting the work further, and declared said contract forfeited, on the eleventh day of September, 1858.

At the August term, 1858, viz: on the fourteenth day of August, 1858, Cunningham obtained judgment against Miller, and on the sixteenth day of the same month, sued out an exe-

cution which was levied on the material in court house square, and the same was sold by the sheriff.

In 1858, the County Court re-let the building of the court house to claimants, who were to erect and fully complete a court house in the same place that Miller was to have done ; claimants were to furnish all the materials for building said court house, " except those that were in and on the foundations of the erections commenced by said Miller."

The house that claimants are to build is differently constructed, has different plans and drawings to work by, than the one had which Miller was to build.

Claimant took down the walls that Miller had erected, and " piled up " the brick, and Cunningham, having an execution in the sheriff's hands, had it levied upon said brick as the property of said Miller.

The County Court notified Miller to take down the defective material, and work, and rebuild same, on the sixteenth of August, 1858.

On the foregoing state of facts, the Circuit Court, O'MELVENY, Judge, presiding, found in favor of the plaintiff in execution, and pronounced judgment accordingly. The claimants below bring the cause to this court.

The claimants, Moore and Morrow, were the contractors, succeeding Miller.

L. BRYAN, for Plaintiffs.

P. P. HAMILTON, for Defendant.

CATON, C. J. The brick in question were laid up into the the walls of the building, under the contract with the county to construct the house. As fast as the brick were laid into the wall, they became a part of the freehold, and the title to the brick vested in the county. The county could safely pay the contractor for the brick so fast as they were laid in the walls of the building, without any apprehension that they could be seized upon by the creditors of the contractor. Had brick been taken down by Miller himself, because of defective work, and in good faith with the view of replacing them properly or with better brick, it may be that the title would have revested in Miller. But when they were taken down by subsequent contractors, under the directions of the county, they no more became Miller's brick again, than if they had stood there for twenty years, or had been put there by some other person.

The judgment of the Circuit Court must be reversed, and the cause remanded.

*Judgment reversed.*